UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEFFREY A. WOOTEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:14-cv-107-WTL-DML |
| | ) | |
| OFFICER ACTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Entry Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Jeffrey A. Wooten, a former inmate of the Jennings County Jail, brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging that defendant Officer Acton, a former correctional sergeant at the Jail, failed to protect him from harm by transferring him to a cell block containing an inmate for which there was a "keep separate" order. Arguing that Wooten failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997 ("PLRA"), Acton moves for summary judgment.

**I. Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

Wooten has failed to respond to the motion for summary judgment. By not responding properly and with evidentiary materials, Wooten has conceded the defendant's version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56-1(e), of which Wooten was notified. This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Discussion

A. *Undisputed Facts*

Wooten was incarcerated in the Jennings County Jail from December 21, 2012, to May 17, 2013, when he was transported to the Indiana Department of Corrections. In his complaint, Wooten alleges that he was transferred to a different housing unit by Acton, despite the existence of a "keep separate" order presumably pertaining to Wooten and some unnamed inmates. The complaint alleges that after the transfer, Wooten was attacked by two unnamed inmates. Jail records contain an incident report dated February 24, 2013, reporting that Wooten was injured in a fight with another inmate.

The Jennings County Jail has a grievance procedure. Pursuant to this procedure, written grievances are forwarded to the Assistant Jail Commander to be logged and are then sent to the appropriate staff member and an investigation is conducted and a written response is given to the inmate. If the inmate is not satisfied with the response, he may appeal the grievance to the Sheriff. A grievance form is provided to a prisoner upon request. Written grievances against a staff member are not sent to that staff member for response. The Jennings County Jail Commander keeps a log of all grievances submitted and a copy of each grievance is included in the inmate packet of the submitting inmate. Jail records show that between December 21, 2012,

and May 17, 2013, he filed three grievances, all of which related to the provision of medical and dental care. There are no grievances in Wooten's inmate packet pertaining to any change in housing assignment or to any attack by another inmate. Nor are there any references in the Jail's grievance log to any grievance filed by Wooten pertaining to those subjects.

In his complaint, Wooten states that he did not file a grievance because "Sgt. Atkins [sic] would have just tore it up." Written grievances can be given to any correctional officer at any time and the grievance goes directly to the Assistant Jail Commander for logging and assignment to the appropriate staff member for response. If a grievance is against a particular officer, the grievance is not forwarded to that officer for response. Correctional staff at the Jennings County Jail work twelve hour shifts. Sergeant Acton worked the 5:30 p.m. to 5:30 a.m. shift. His schedule was to work three days, be off two days, work two days and then be off three days. Consequently, there were days during which Acton was not on duty on which a grievance could be submitted and, even on the days where Acton was on duty, there was a twelve hour period during which he was absent from the jail and during which a grievance could be submitted.

B. *Exhaustion of Administrative Remedies*

Acton argues that Wooten's claim must be dismissed because he failed to exhaust his available administrative remedies with respect to his claim. The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. ▪ 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without

imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 84; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

The defendant has shown that Wooten did not exhaust his available administrative remedies as required by the PLRA. Although Wooten submitted remedy requests, he did not file any grievance related to his allegations against the defendant. Wooten has not responded to the motion for summary judgment and therefore has not disputed these facts. Further, he admits in his complaint that he did not file a grievance related to his claim. While he asserts in his complaint that Officer Acton would have torn up his grievance, the PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required."). It is therefore undisputed that Wooten failed to exhaust his available administrative remedies with regard to his claim in this case. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Wooten's claims should not have been brought and must now be dismissed without prejudice. *See Pozo*, 286 F.3d at 1024 (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"); *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

## III. Conclusion

The defendant's motion for summary judgment [dkt 35] is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_William T. Lawrence_

Date: 1/05/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffrey A. Wooten
238437
Branchville Correctional Facility
21390 Old State Road 37
Branchville, IN 47514

All electronically registered counsel